IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARRYL A. CHEADLE, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| vs. ) | No. CIV-07-939-C |
| ) | |
| WALTER DINWIDDIE, Warden, ) | |
| ) | |
|     Respondent. ) | |

MEMORANDUM OPINION AND ORDER

Proceeding pro se, Petitioner has filed a notice of appeal and an application for a certificate of appealability ("COA") to appeal the Court's denial of his 28 U.S.C. § 2254 habeas petition. See 28 U.S.C. § 2253(c)(1)(A); (Pet'r's Mot., Dkt. No. 19).

In 2004, Petitioner was convicted by a jury in state court on four counts and sentenced to 2000 years on each of two counts and 1000 years on each of the other counts, to run consecutively. (See Petition, Dkt. No. 1, at 1.) Petitioner's conviction was affirmed on appeal by the Oklahoma Court of Criminal Appeals, although that court modified Petitioner's sentence. (See Report & Recommendation ("R&R"), Dkt. No. 12, at 1-2.) On August 22, 2007, Petitioner filed a § 2254 federal habeas petition alleging three separate grounds for relief. (See Petition at 6-9.) Respondent filed a response (see Resp., Dkt. No. 7), and Petitioner replied (see Reply, Dkt. No. 11).

In her Report and Recommendation ("R&R"), Magistrate Judge Couch recommended that the petition be denied. (See R&R.) Petitioner timely filed an objection to the R&R (see Pet'r's Objection, Dkt. No. 13), but the Court adopted the R&R in its entirety (see Order,

Dkt. No. 14, at 2) and entered a judgment denying Petitioner's habeas corpus petition (see J., Dkt. No. 15.)

Petitioner is entitled to a COA only upon making a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). Under this standard Petitioner must show that the issues he seeks to raise are deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 484. When a petitioner's habeas petition is dismissed on procedural grounds without reaching the merits of the petitioner's claims:

> [A] COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Id. Although a petitioner does not have to demonstrate that the appeal will succeed, to be entitled to a COA he or she "must prove something more than the absence of frivolity or the existence of mere good faith." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (internal quotation marks omitted).

As the Court noted in its Order adopting the R&R, Magistrate Judge Couch thoroughly addressed each of Petitioner's arguments regarding his conviction. (See Order at 1.) Petitioner's objection merely restated the conclusions and legal argument that he had

originally asserted, and he "raise[d] no issue not fully and accurately addressed and rejected" in the R&R. (Id.; see also Pet'r's Objection passim.) Petitioner's request for a COA simply iterates his previous contentions of ineffective assistance of counsel, denial of a speedy trial, and denial of an impartial judicial tribunal. (See Pet'r's Mot. at 1.) The Petitioner has not made the requisite showing to be entitled to a COA and, accordingly, his request for a COA is denied.

Petitioner's motion also requests leave to proceed in forma pauperis on appeal. (See id..) Although 28 U.S.C. § 1915(b) does not apply to habeas actions, see McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) (holding Prison Litigation Reform Act inapplicable to habeas and § 2255 actions and appeals), both § 1915(a)(1) and (a)(3) do apply to a habeas appeal. Accordingly, a petitioner must show that the appeal is taken in good faith and that he lacks the financial ability to pay the required fees. See id.

Although Petitioner failed to submit the required documentation stating his financial condition, see LCvR3.3, having reviewed the motion, the Court finds that Petitioner has not presented a reasoned, nonfrivolous argument on appeal and that the appeal is not taken in good faith. Thus, he is not entitled to prosecute his appeal without payment of the filing and docketing fees, regardless of whether he has the financial ability to pay.

As set forth more fully herein, Petitioner's requests for a COA and to proceed in forma pauperis on appeal (Dkt. No. 19) are DENIED. Petitioner is advised that unless the $5.00 appellate filing fee and the $450.00 docket fee are paid in full to the Clerk of this Court within 20 days of the date of this Order, the action may be subject to dismissal by the

appellate court.

IT IS SO ORDERED this 29th day of February, 2008.

_____
ROBIN J. CAUTHRON
United States District Judge