IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARRYL A. CHEADLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| -vs- ) | Case No. CIV-07-939-F |
| ) | |
| WALTER DINWIDDIE, Warden, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

    Petitioner, Darryl A. Cheadle, has moved, pursuant to Rule 60(b)(4), Fed. R. Civ. P., to vacate the final judgment denying his 28 U.S.C. § 2254 petition. Doc. no. 28.¹ Upon review, the court finds no response from respondent is required. The court concludes the motion should be denied.

I.

    Petitioner was convicted in the District Court of Oklahoma County, State of Oklahoma, Case No. CF-02-3400, of two counts of robbery with a firearm, and one count each of felon in possession of a firearm and aggravated attempt to elude a police officer. The jury sentenced petitioner to 2,000 years on each of the robbery counts and 1,000 years on each of the other two counts, the sentences to run consecutively.

    On January 11, 2006, the Oklahoma Court of Criminal Appeals (OCCA) affirmed petitioner's convictions, but it modified his sentences to life imprisonment

---

¹ Because petitioner is proceeding *pro se*, the court construes his filing liberally, but does not assume the role of advocate. *See*, Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

on each count. The two robbery sentences were to run consecutively, and the two additional counts were to run concurrently with the robbery counts.

Subsequently, petitioner filed an application for post-conviction relief, which was denied by the state district court. On appeal, the OCCA affirmed the denial.

On August 22, 2007, petitioner filed in this district a petition for habeas corpus relief under 28 U.S.C. § 2254. He asserted three grounds for relief: (1) ineffective assistance of appellate counsel; (2) denial of the right to a speedy trial; and (3) denial of the right to an impartial tribunal. Adopting the magistrate judge's report and recommendation, the court concluded that petitioner was not entitled to habeas relief under § 2254 on any of his claims. Final judgment denying petitioner's § 2254 petition was entered on January 31, 2008. Petitioner then filed a motion to alter or amend the judgment, which the court denied on February 11, 2008.

Petitioner appealed to the Tenth Circuit and requested a certificate of appealability. On May 20, 2008, the Tenth Circuit denied petitioner's request for a certificate of appealability. Thereafter, petitioner filed a petition for writ of certiorari, which was denied by the Supreme Court on January 12, 2009.

Over fifteen years after entry of the court's final judgment, petitioner seeks to vacate that judgment. Petitioner claims that in adopting the magistrate judge's report and recommendation, the court omitted "a discussion of whether the 'rule of lenity' required the OCCA to apply 22 O.S. § 929, rather than 22 O.S. § 1066." Doc. no. 28, ECF p. 1. According to petitioner, this omission "was inconsistent with due process of law so as to make [the final judgment] void for purposes of [Rule] 60(b)(4)." *Id.*

Upon the filing of petitioner's motion, the case was reassigned to the undersigned as the previous presiding judge, the Honorable Robin J. Cauthron, has transitioned to inactive status.

2

II.

Even though petitioner invokes Rule 60(b)(4) as the basis for his motion, the court must first determine whether the motion is a "true" Rule 60(b) motion or an attempt to file a second or successive § 2254 petition. *See*, Spitznas v. Boone, 464 F.3d 1213, 1216 (10th Cir. 2006). Upon consideration, the court concludes that petitioner's motion is a "true" Rule 60(b) motion as it alleges "a defect in the integrity of the federal habeas proceeding." *Id*. at 1215-16; *see also*, Barclay v. Bryant, 735 Fed. Appx. 933, 936 n. 3 (10th Cir. 2018) (Rule 60(b) motion alleging failure to review de novo an argument petitioner advanced in his objections to the magistrate judge's report and recommendation was a "true" Rule 60(b) motion) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).

Rule 60(b)(4), Fed. R. Civ. P., authorizes relief from a final judgment if the judgment is void. *See*, Johnson v. Spencer, 950 F.3d 680, 694 (10th Cir. 2020). "A judgment is void under Rule 60(b)(4) only in the rare instance where [the] judgment is premised either on a certain type of jurisdictional error or a violation of due process that deprives a party of notice or the opportunity to be heard." *Id*. at 694 (quotation marks and citation omitted).

Petitioner claims that the final judgment is void because the court's failure to address his "rule of lenity" argument in adopting the magistrate judge's report and recommendation constituted a due process violation. The court finds that petitioner has failed to demonstrate a due process violation. Judge Cauthron stated in her order adopting the magistrate judge's report and recommendation that she considered "the matter de novo" and found petitioner "raises no issue not fully and accurately addressed and rejected by the Magistrate Judge." Doc. no. 14, ECF p. 1. While Judge Cauthron did not specifically discuss the "rule of lenity" argument in her order, the court is satisfied that Judge Cauthron considered it and rejected the

3

argument in her ruling. Therefore, the court concludes that petitioner is not entitled to relief from the final judgment under Rule 60(b)(4).

Nonetheless, even if Judge Cauthron did not address the "rule of lenity" argument, as asserted by petitioner, the court concludes that that omission does not entitle petitioner to relief under Rule 60(b)(4). Although having had the opportunity to do so, petitioner did not raise the "rule of lenity" argument in his habeas petition (or in his reply brief). Instead, he raised it for the first time in his objection to the magistrate judge's report and recommendation. Under Tenth Circuit precedent, issues raised for the first time in an objection are deemed waived. *See*, Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Consequently, Judge Cauthron was not required to address the "rule of lenity" argument because the argument was waived. The court therefore concludes that petitioner has not shown a due process violation so as to warrant relief from the final judgment under Rule 60(b)(4) and that petitioner's "true" Rule 60(b) motion should be denied.[2]

### III.

Because the court concludes that petitioner's "true" Rule 60(b) motion should be denied, petitioner must obtain a certificate of appealability to proceed with an appeal. *See*, Spitznas, 464 F.3d at 1218; *see also*, Barclay, 735 Fed. Appx. at 936. Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right[,]" and the court "indicate[s] which specific issue or issues satisfy [that] showing." 28 U.S.C. § 2253(c)(2) and (3). A petitioner can satisfy that standard by

---

[2] To the extent the court should construe petitioner's motion under Rule 60(b)(1), (2), (3) or (6), the court finds that the motion should be denied because it has not been made within a reasonable time. *See*, Rule 60(c)(1), Fed. R. Civ. P.

demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *See*, Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, the court concludes that petitioner cannot make such showing. Thus, the court concludes that a certificate of appealability should not issue.

IV.

Accordingly, petitioner, Darryl A. Cheadle's Motion to Vacate Void Judgment (doc. no. 28) is **DENIED**. A certificate of appealability is **DENIED**.

DATED this 20th day of November, 2023.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0939p001.rev.docx