# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARRYL A. CHEADLE, | ) |
| Petitioner, | ) ) ) |
| -vs- | ) )  Case No. CIV-07-939-F |
| WALTER DINWIDDIE, Warden, | ) ) ) |
| Respondent. | ) ) |

## **ORDER**

Petitioner, Darryl A. Cheadle, has filed a motion seeking an extension of time to file a notice of appeal. Doc. no. 31. Attached to that motion is a notice of appeal. In addition, he has requested a certificate of appealability and leave to proceed on appeal in forma pauperis. Doc. no. 32.

I.

On November 13, 2023, petitioner filed a motion under Rule 60(b)(4), Fed. R. Civ. P., seeking to vacate the court's final judgment denying his 28 U.S.C. § 2254 petition. The court's final judgment was entered on January 31, 2008.[1]

On November 20, 2023, the court entered an order concluding petitioner's motion was a "true" Rule 60(b) motion and denying the "true" Rule 60(b) motion. In that same order, the court denied petitioner a certificate of appealability.

Petitioner did not file a notice of appeal within 30 days of the court's order as required by Rule 4(a)(1)(A), Federal Rules of Appellate Procedure. Instead,

---

[1] The Honorable Robin J. Cauthron entered the final judgment. Upon the filing of petitioner's motion that was filed on November 13, 2023, petitioner's case was reassigned to the undersigned.

petitioner urges the court to extend the time to file a notice of appeal. Petitioner states that he "intended to file a Rule 59(e), Fed. R. Civ. P. [motion] to alter or amend judgment, but through inadvertence, he 're-submitted' the motion to vacate judgment initially sent rather than the Rule 59(e) motion[.]" Doc. no. 31, ECF p. 1. Petitioner states that it was only "upon further review when petitioner did not receive any further orders of the Court" that he discovered the error and the time for appealing the court's November 20, 2023 order had expired. Id.

II.

Under Rule 4(a)(5), Federal Rules of Appellate Procedure, the court may extend the time to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and "that party shows excusable neglect or good cause." Petitioner has timely filed his motion. Therefore, the court must determine whether petitioner has shown excusable neglect or good faith.

In determining whether petitioner has shown excusable neglect, the court must consider "all relevant circumstances," including "[1] the danger of prejudice to the [respondent], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 395 (1993)). According to the Tenth Circuit, the third factor, the reason for the delay, is "a very important factor—perhaps the most important single factor—in determining whether neglect is excusable." City of Chanute v. Williams Natural Gas Co., 31 F.3d 1041, 1046 (10th Cir. 1994).

As to the first and fourth factors, there is no indication that petitioner acted in bad faith by failing to file a notice of appeal within the 30-day time period or that the respondent would suffer any prejudice by the late filing. Because the motion for extension of time is filed within the 30-day time period prescribed by Rule 4(a)(5),

2

the length of delay is not exceptional and there does not appear to be any potential impact on the judicial proceedings. Thus, the court concludes that the first, second, and fourth factors weigh in petitioner's favor.

The third factor, however, does not weigh in petitioner's favor. Although petitioner states that he was intending to file a Rule 59(e) motion (so as to extend the time for filing the notice of appeal until after an order disposing of the Rule 59(e) motion), but instead "resubmitted" his motion to vacate, the court has no record of receiving any such document from petitioner. (Every document submitted by a litigant is noted on the docket.) And petitioner has not presented any evidence of resubmitting the document to the court. There is also no evidence to demonstrate that petitioner resubmitted the motion to vacate within the time for filing a Rule 59(e) motion or the time for filing a notice of appeal. Additionally, although petitioner is proceeding *pro se*, the court is satisfied that petitioner was aware of the rule governing the filing of a notice of appeal as he has previously filed an appeal in this matter. Further, the court notes that the stated reason for delay was within the reasonable control of petitioner. Therefore, for the stated reasons, the court finds that petitioner has failed to demonstrate that his failure to timely file a notice of appeal was due to excusable neglect.

Although not raised by petitioner, a finding of "good cause" may also permit an extension of time under Rule 4(a)(5). Petitioner, however, must demonstrate the untimely filing resulted from a "situation [] in which there is no fault—excusable or otherwise." Bishop v. Corsentino, 371 F.3d 1203, 1207 (10th Cir. 2004) (quotation omitted). This situation is "usually occasioned by something that is not within the control of the movant." *Id*. Upon review, the court finds that petitioner has failed to demonstrate that the failure to timely file a notice of appeal was beyond his control.

In sum, the court finds that petitioner has failed to demonstrate that his failure to comply with the filing requirements of Rule 4(a)(1), Fed. R. App. P., was based upon excusable neglect or good cause. Therefore, petitioner's motion will be denied.

### III.

Contemporaneous with his motion, petitioner has requested a certificate of appealability and leave to proceed on appeal in forma pauperis. In its November 20, 2023 order, the court denied petitioner a certificate of appealability. The court sees no reason to reconsider that decision. That request will be denied.

As to the request for leave to proceed on appeal in forma pauperis, the court also finds that the request should be denied. Petitioner has not shown "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues [to be] raised on appeal." DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991).

### IV.

Accordingly, Petitioner's Motion to Extend Time to File Notice of Appeal, filed on January 8, 2024 (doc. no. 31), is **DENIED**. Petitioner's Request for Certificate of Appealability and, for Order to Proceed on Appeal in Forma Pauperis, filed on January 8, 2024 (doc. no. 32) is **DENIED**.

DATED this 11th day of January, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0939p002.docx